

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-17-2008

# Barker-Puza v. Carbon

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4128

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Barker-Puza v. Carbon" (2008). *2008 Decisions.* Paper 88.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/88

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-4128
_____

BARKER-PUZA, ET AL,

v.

CARBON COUNTY, ET AL

ESTATE OF STEPHEN PUZA, JR.,
LEAH PUZA, REBECCA FOX,
STEPHEN PUZA III & SARA PUZA,

Appellants

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
No. 03-CV-02183
(District Judge: The Honorable James Munley)

Filed: December 17, 2008

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 30, 2008

Before: McKEE, NYGAARD, and SILER, *Circuit Judges**

---

* Honorable Eugene E. Siler, Jr. Circuit Judge, United States Court of Appeals for the
Sixth Circuit, sitting by designation.

OPINION OF THE COURT

McKee, <u>Circuit Judge</u>,

The Estate of Stephen Puza, along with several surviving family members, appeal the district court's grant of summary judgment in favor of individual and county defendants in an action plaintiffs brought pursuant to 42 U.S.C. § 1983 and Pennsylvania law. For the reasons that follow, we will affirm.

I.

We need not recite a detailed factual or procedural history because we write primarily for the parties who are already familiar with this case. Stephen Puza ("Puza") committed suicide while in the custody of Lansford Pennsylvania Police at the Carbon County jail. The plaintiffs brought a § 1983 action against Carbon County and several individual correction officers, and a negligence action against the jail's architects.

Appellants make several arguments on appeal. However, the main issue is whether the district court correctly concluded that there was no genuine issue of material fact and that the defendants were entitled to judgment as a matter of law. Our review is plenary. *Kaucher v. County of Bucks*, 455 F.3d 418, 422 (3d Cir. 2006).

In order to survive summary judgment with regard to the individual defendants, a plaintiff must present evidence that would allow a rational fact finder to conclude, "(1) the detainee had a 'particular vulnerability to suicide,' (2) the custodial officer or officers knew or should have known of that vulnerability, and (3) those officers 'acted with reckless indifference' to the detainee's particular vulnerability." *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005) (quoting *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991)

("Colburn II")).

The district court granted summary judgment to the individual correction officers because the plaintiffs failed to present evidence of their subjective appreciation of a particular vulnerability to suicide. 2007 WL 2852343, at *9. The particular vulnerability "speaks to the degree of risk inherent in the detainee's condition . . . . [T]here must be a strong likelihood, rather than a mere possibility, that self-inflicted harm will occur." *Colburn II*, 946 F.2d at 1024 (citation and internal quotations omitted). Plaintiffs point to Puza's erratic mood swings, his intoxication, and the circumstances that resulted in his arrest in arguing that they have produced evidence of the strong likelihood that Puza intended to harm himself. However, those circumstances - while prophetic in hindsight - suggest only the "mere possibility" that Puza posed a suicide risk. *See Woloszyn*, 396 F.3d at 322-23 (finding no genuine issue of material fact as to whether a pre-trial detainee had a particular vulnerability to suicide, despite the detainee's intoxication, fluctuating mood, and reported distress about his family situation). *See also Colburn II*, 946 F.2d at 1026-27 (holding that intoxication does not create an issue of material fact regarding a particular risk of suicide).

Appellants also argue that the testimony of Officers Gablick and Peck raise a disputed factual issue that should have precluded summary judgment. Estate's Br. at 21-22. That argument is similarly without merit. The district court realized that the issue of whether Officer Gablick informed Officer Peck that Puza's mood was erratic and that Puza had been drinking is immaterial because Puza's conduct was simply insufficient to establish a strong likelihood that he would harm himself. Although we are not unsympathetic to this very tragic incident, the law is clear that the evidence that plaintiffs produced was not sufficient to defeat the defendants'

3

motions for summary judgment.

Moreover, even if plaintiffs could satisfy the first requirement for their cause of action under § 1983, we agree with the district court's conclusion that the record would still not support a finding that the correction officers "knew or should have known" of Puza's risk of suicide. *See* 2007 WL 2852343, at *6-9. Plaintiffs' claim that the officers *should have known* of Puza's intent to kill himself is not convincing because the record does not establish that the "strong likelihood of suicide [was] so obvious that a lay person would easily recognize the necessity for preventative action." *Colburn II*, 946 F.2d at 1025 (citation and internal quotations omitted).]

## II.

A municipality is liable under § 1983 "when execution of a government's policy or custom . . . inflicts the injury . . . ." *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). However, the district court correctly concluded that the conclusory statements in plaintiffs' expert's report were insufficient to establish the deliberate indifference of Carbon County. *See Woloszyn*, 396 F.3d at 325.

We also conclude that the district court was correct in holding that plaintiffs did not establish that CRA had a clear duty to prevent Puza's suicide. 2007 WL 2852343, at *3-4. Without a clear duty or special relationship, the general rule under Pennsylvania law is that "liability cannot be imposed upon third parties for another's suicide." *Id.* at 3 (citing *McPeake v. Cannon*, 553 A.2d 439, 440-41 (Pa. Super. Ct. 1989)).

## III.

For all of the above reasons, we will affirm the order of the district court granting summary judgment to the defendants.

4